UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

1
2
3
4
5
6
7

CHRISTOPHER JONES,

Plaintiff,

v.

NURSE HUNT, et al.,

Defendants.

Case No. 3:23-cv-00024-ART-CLB

ORDER

## I.  DISCUSSION

On March 23, 2023, the Court entered a screening order permitting Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs proceed against Defendants Dr. Hicks and Nurse Hunt.  (ECF No. 4 at 6). The Court stayed the case for 90 days and referred the case to the Inmate Early Mediation Program.  (*Id.* at 7).

A few days before the Court entered its screening order, Plaintiff filed a motion for preliminary injunction (ECF No. 3) and a day after the Court entered its screening order, Plaintiff submitted a motion for temporary restraining order (ECF No. 7).  The motions seek injunctive relief to prevent prison officials from retaliation, harassment, non-treatment of injury or pain by medical personnel, and no "secluded legal aid."  (ECF No. 3 at 3; ECF No. 7 at 3).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further

1    than necessary to correct the harm," and must be "the least intrusive means

2    necessary to correct the harm."  18 U.S.C. § 3626(a)(2). "A court's equitable power

3    lies only over the merits of the case or controversy before it. When a plaintiff seeks

4    injunctive relief based on claims not pled in the complaint, the court does not

5    have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v.*

6    *Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

7         The Court denies the motions for injunctive relief without prejudice.

8    Plaintiff's motions are vague because he seems to generally request that prison

9    officials treat him when he is injured or in pain, not to retaliate against him, and

10   not to harass him.  Plaintiff has not fully established his need for preliminary

11   relief because he has not explained how he is likely to suffer irreparable harm in

12   the absence of preliminary relief.  I dismiss these motions without prejudice and

13   also note that Plaintiff may be able to resolve these issues during his inmate early

14   mediation, which is in the process of being scheduled.

15        The Court further reminds Plaintiff that, pursuant to the screening order

16   (ECF No. 4 at 7), this action is stayed for 90 days to allow Plaintiff and

17   Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is

18   paid, an answer is filed, or the discovery process begins. During this 90-day stay

19   period and until the Court lifts the stay, no other pleadings or papers may be filed

20   in this case, and the parties may not engage in any discovery, nor are the parties

21   required to respond to any paper filed in violation of the stay unless specifically

22   ordered by the court to do so.

23   ///

24

25   ///

26

27   ///

28

## II.     CONCLUSION

It is therefore ordered that the motions for preliminary injunction and temporary restraining order (ECF Nos. 3, 7) are denied without prejudice.

DATED THIS 14th day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE